17-3827 (H)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

In re:                                                  *
                                                        *
    LANDASH CORPORATION,              *       Case No.: 18-50300
                                                        *       Chapter 7
    Debtor.                           *       Judge C. Kathryn Preston

_____

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY OF CREDITOR WBL SPO 1, LLC AS TO CERTAIN REAL PROPERTY LOCATED AT 885 STERNBERGER ROAD, JACKSON, OHIO 45640, AND ALL RENTS GENERATED OR DERIVED THEREFROM

    Comes now creditor WBL SPO 1, LLC (hereinafter "WBL"), by and through undersigned counsel, for its Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. §§362(d)(1) and 362(d)(2), with respect to certain real property located at 885 Sternberger Road, Jackson, Ohio 45640, as well as all rents, proceeds, profits and income derived therefrom (hereinafter collectively the "Real Property"), which is wholly owned by a non-debtor entity, 885 Sternberger Road LLC, a Delaware limited liability company. WBL submits that the Real Property is owned by a non-debtor entity, and is not property of this chapter 7 estate. Consequently, the automatic stay is inapplicable. *See Lynch v. Johns-Manville Sales Corp.,* 710 F.2d 1194, 1196 (6th Cir. 1983); *See also* 11 U.S.C. §541. As such, the within Motion is being interposed solely in an abundance of caution.

    To the extent this Court would conclude that the automatic stay imposed by 11 U.S.C. §362 does apply, WBL submits that its interest in the Real Property is not being adequately protected, as the Debtor has failed to make the required payments to WBL when due, both prior to and after the filing of the within chapter 7 case. Moreover, the Debtor wholly lacks an ownership and/or an equity interest in and to the Real Property,

which is not necessary for an effective reorganization in this chapter 7 liquidation proceeding. Same is evidenced by, *inter alia,* Debtor's failure to identify the subject Real Property as an asset of the within chapter 7 estate (Doc.1). In further support of its Motion, WBL states as follows:

1. On January 22, 2018, Landash Corporation (hereinafter the "Debtor") filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code.

2. This Court has jurisdiction over this Motion pursuant to Section 1334 of Title 28 of the United States Code.

3. This Motion encompasses matters concerning the administration of an estate, and is a core proceeding under Sections 157(b)(2)(A), (G) and (O) of Title 28 of the United States Code.

4. Venue in this Court is proper under Section 1409(a) of Title 28 of the United States Code, as this proceeding arises in and relates to the Debtor's chapter 7 case pending in this District.

5. On or about January 5, 2017, World Business Lenders, LLC (hereinafter "World Business") made and funded a loan to Debtor in the principal sum of $508,200.00 (hereinafter referred to as "the Loan"). In conjunction with this loan, Debtor executed a promissory note and business loan agreement a true and accurate copy of which is collectively attached hereto as Exhibit A.

6. The obligations under the Loan were guaranteed by Jason E. Adkins, an Individual and Rebekah Holding LLC, a Delaware limited liability company,

2

(hereinafter "RHL"), pursuant to a commercial, unlimited and continuing guaranty contract, a true and accurate copy of which is attached hereto as Exhibit B.

7. The obligations due World Business Lenders pursuant to the Loan as evidenced by the Loan and guaranty contract attached hereto as Exhibits A and B is secured by, *inter alia*, a mortgage ("the Mortgage") granted to it by guarantor RHL, the owner of the subject Real Property at the time of the Loan. A true and accurate copy of same is attached hereto as Exhibit C. The Mortgage was duly perfected by appropriate action and recorded by World Business Lenders on January 27, 2017 at Official Record Book 122, Page 1426-1434 in the mortgage records of Jackson County, Ohio. Subsequent to the Loan, upon information and belief, the Real Property was transferred by RHL, to various non-debtor entities, resulting in 885 Sternberger Road LLC hereinafter ("SRL") now being in title and its sole owner. A true and accurate copy of the deed which reflects that SRL holds title to the Real Property as of the chapter 7 petition date is attached hereto as Exhibit D.

8. Within the ambit of the Mortgage, and as additional security for the performance of the obligations under the terms of the Loan and guaranty contract attached hereto as Exhibits A and B, RHL granted unto World Business Lenders an assignment of rents by which RHL granted World Business Lenders a continuing security interest in, and conveyed all of RHL's right, title, and interest in and to, the rents, proceeds, profits and income generated or derived by the Real Property (hereinafter the "Rent Assignment"),. See, Exhibit C at p.5.

9. On or about April 18, 2017, World Business Lenders assigned its interests in the Loan in addition to the Mortgage and Rent Assignment to WBL. A copy of

3

the Assignment to WBL is attached hereto as Exhibit E. WBL is the current holder and owner entitled to enforce the Loan, the Mortgage and Rent Assignment attached hereto against RHL (*in personam* and as to the Real Property), as well as assert a claim against Debtor (*in personam*) in this case.

10. Upon information and belief, in addition to the encumbrances set forth herein, the Real Property is further subject to: (i) a lien due the Jackson County, Ohio Auditor/Treasurer for any accrued, and unpaid *ad valorem* taxes as to the subject Real Property; (ii) multiple and potential liens in favor of the State of Ohio, Department of Taxation. In addition to RHL, 885 Sternberger Road LLC, Investments Holding Inc., may have and/or claim an interest in the subject Real Property by virtue of it being in the chain of title to same between January, 2017 and August, 2017.

11. There is no doubt that all of the above-described Loan, Mortgage and Rent Assignment attached hereto fully matured as of July 7, 2017 and have been breached as the Loan is unpaid and in default, with the last payment being received by WBL on March 3, 2017 in the amount of $5,324.14. Accordingly, as of February 7, 2018, WBL is due a principal balance on the Loan, Mortgage, and Rent Assignment attached hereto as Exhibits A and B in the amount of $388,222.36, plus interest in the amount of $405,748.20, penalties in the amount of $71,637.08 plus all costs, fees, charges and expenses, including, without limitation, all attorneys' fees, in the amount of $58,167.94. A payoff statement and loan history of WBL evidencing same is attached hereto as Exhibit F.

**FIRST GROUND FOR RELIEF**

12. To the extent that the automatic stay is implicated and/or deemed to apply to the Real Property, good and sufficient cause exists for the Court to sustain the within Motion in all respects. Bankruptcy Code Section 362(d)(1) provides that the Court must grant relief from stay "[f]or cause, including lack of adequate protection of an interest in property of [the moving] party in interest. *See,* 11 U.S.C. §362(d)(1). Although the Bankruptcy Code does not define "cause," courts have recognized that "cause" under Section 362(d)(1) must be determined on a case-by-case basis. *See, Int'l Bus. Machines v. Fernstrom Storage & Van Co., (In re Fernstrom Storage & Van Co.*), 938 F.2d 731, 735 (7th Cir.1991).

13. After the movant makes an initial showing of cause, the Debtor bears the burden of proof to demonstrate the absence of cause to grant relief from stay. *See,* 11 U.S.C. §362(g)(2); *In re Kerns,* 111 B.R. 777, 786 (S.D.Ind.1990)("the debtor, as the party opposing the motion for relief from stay, had the ultimate burden of proof to show that cause did not exist for vacating the stay"); *In re Sauk Steel Co., Inc.,* 133 B.R. 431, 436 (Bankr.N.D. Ill. 1991).

14. In the case at bar, cause exists to lift the stay based upon the Debtor's failure to provide adequate protection to WBL, and given that Debtor does not own the Real Property. To show a lack of adequate protection, a secured creditor must establish the following elements: (1) a debt owing from the debtor to the creditor; (2) a security interest held by the creditor that secures the debt at issue, and (3) a decline in the value of the collateral security the debt, along with the debtor's failure to provide adequate protection of the creditor's interest. If the secured creditor meets this burden, then the debtor must establish that the creditor is adequately protected. *See, In re Bivens,* 317 B.R. 755, 770 (Bankr.N.D.Ill. 2004 (citations omitted)).

15. Although "adequate protection" is not defined in the Bankruptcy Code, §361 provides that adequate protection may be in the form of cash, additional or replacement liens, or other relief that will result in the indubitable equivalent of one's interest in such property. *See,* 11 U.S.C. §361; *In re Plabell Rubber Products, Inc.*, 137 B.R. 897, 900 (Bankr.N.D.Ohio 1992). "Adequate protection is designed to protect a secured creditor…against any decrease in the value of its collateral which may result from depreciation, destruction, or the debtor's use of the collateral." *In re Gasel Transp. Lines*, *Inc.*, 326 B.R. 683 (6th Cir. B.A.P.2005). If the debtor's proposed protections do not adequately preserve the creditor's interest in the [subject collateral] as it existed on the petition filing date, then the creditor is not adequately protected. *In re Carbone Cos.*, 395 B.R. 631 (Bankr. N.D. Ohio 2008)(*citing Lend Lease v. Briggs Transp. Co. (In re Briggs Transp. Co.*, 780 F.2d 1339 (8th Cir.1985)).

16. The concept of adequate protection is derived from the constitutional protection of property under the Fifth Amendment. *Id.* The requirement of adequate protection "reconciles the competing interests of the debtor who needs time to reorganize free from harassing creditors, and the secured creditor, on the other hand, who is entitled to constitutional protection for its bargained-for property interest." *In re Raymond*, 99 B.R. 819, 821 (Bankr.S.D.Ohio 1989). Accordingly, adequate protection is recognized as a fundamental right afforded secured creditors in bankruptcy proceedings. *In re Waste Conversion Techs, Inc.,* 205 B.R. 1004, 1007 (Bankr.D.Conn. 1997).

17. In the case at bar, WBL has not received adequate protection by Debtor since the filing of this case in January, 2018, and there does not appear to exist any source of income or cash flow which Debtor can utilize to adequately protect WBL. Per the attached Exhibits, WBL is owed a debt by Debtor, and WBL holds a security interest in both the Real

6

Property along with the rents, products, proceeds and income generated by or derived therefrom granted by RHL, a non-debtor.  The Real Property was subsequently transferred and is presently owned by another non-debtor entity, 885 Sternberger Road LLC.  The subject Mortgage and lien was properly perfected by recording the Mortgage at the Jackson County, Ohio Recorder in accordance with Ohio law in January, 2017.  Furthermore, it is not disputed that WBL is the current record holder of the Loan, the guaranty contract, and Mortgage attached hereto and is entitled to enforce same in all respects.  In contrast, Debtor has not made any payments to WBL since the Petition Date, never owned the property, nor offered any adequate protection.  Irrespective of the transfers of the Real Property after WBL's funding of the Loan, WBL has and maintains valid liens and mortgages upon same and the Rents which flow therefrom.  Since Debtor is not servicing the debt due WBL under the Loan, good and sufficient cause exists to grant WBL's Motion under 11 U.S.C. §362 (d)(1) as to Real Property and rents which flow therefrom and as is identified herein above, all of which are owned by third-party entities.

## SECOND GROUND FOR RELIEF

18.     Should the Court determine the automatic stay applies to the Real Property, Bankruptcy Code Section 362(d)(2) also provides for relief from stay if the debtor does not have any ownership or equity interest in such property, and same is not necessary for an effective reorganization.  A debtor lacks "equity" if the aggregate amount of the claims secured by the property is greater than the property's value.  *See, Pegasus Agency v. Grammatikais (In re Pegasus Agency),* 101 F.3d 882, 886 (2d Cir.1996); *Nantucket Investors II v. Cal Fed.Bank (In re Indian Palms Assoc., Ltd.*), 61 F.3d 197, 206 (3d Cir.1995).

19.     Debtor admittedly has no interest in the Real Property.  *See,* Petition at Doc.1.  The total amount due WBL by Debtors under the Loan identified herein above and pursuant

7

to Exhibit F hereto as is $865,607.64 as of February 7, 2017 plus accrued unpaid interest at the rate of $1,225.83 for each day thereafter, plus all costs, fees, charges and expenses, including, without limitation, all attorneys' fees. Coupled with the additional liens for *ad valorem* taxes due and accruing to the Jackson County, Ohio Auditor/Treasurer, and potential liens of the State of Ohio, there is clearly no equity in the Real Property given that the amount of the liens encumbering same exceed the value and/or any interest of Debtor therein, which is $0. Furthermore, WBL believes that the Real Property is not necessary for an effective reorganization, since the Debtor has no ability to reorganize its financial affairs in this chapter 7 case

20. In sum, the Debtor lacks equity in the Real Property and the Real Property is not necessary for an effective reorganization. Consequently, relief from stay is also authorized by 11 U.S.C. §362(d)(2).

21. A Relief from Stay/Adequate Protection Exhibit and Worksheet and payoff evidencing the indebtedness due and in support of the relief requested herein, pursuant to L.B.R. 4001, is attached hereto as Exhibits F and G and which are incorporated fully herein by reference.

### THIRD GROUND FOR RELIEF

22. There is no doubt that the automatic stay imposed by 11 U.S.C. §362(a) does not apply to the subject Real Property, and WBL should be permitted to foreclose upon same as WBL is not seeking to take any action as against Debtor in foreclosing upon the Real Property and exercising its *in rem* rights and remedies as against same.

23. The Sixth Circuit "has made it abundantly clear that the §362(a)(1) stay of acts 'against the debtor' is to be strictly construed." *See In re Cincom iOutsource, Inc.*, 398 B.R. 223, 226 (Bankr.S.D. Ohio 2008)(citing *Patton v. Bearden*, 8 F.3d 343 (6th Cir. 1993)); *In re Johns-Manville Sales Corp.,* 710 F.2d 1194, 1196 (6th Cir.1983)("It is universally acknowledged

8

Case 2:18-bk-50300 Doc 20 Filed 03/02/18 Entered 03/02/18 13:23:59 Desc Main
Document Page 9 of 13

that the automatic stay of proceeding accorded by §362 may not be invoked by entities such as sureties, guarantors, co-obligors, or otherwise with a similar legal or factual nexus to the chapter 11 debtor.").

24. By foreclosing upon the Real Property, WBL is not seeking to obtain "possession of property of the estate or of property from the estate or to exercise control over property of the estate." To the contrary, WBL seeks to foreclose upon non-debtor property. Hence, WBL's foreclosure upon the non-debtor Real Property does not violate nor implicate the automatic stay. *See, e.g., In re Geris,* 973 F.3d 318, 319-321 (4th Cir. 1992)(holding that the automatic stay did not prevent foreclosure on non-debtor property where debtor held a subordinate deed of trust); *In re Holiday Lodge, Inc.*, 300 F.2d 516, 519 (7th Cir.1962)(reversing trial court and holding that "'The District Court had no jurisdiction to restrain state court proceedings to enforce a lien on property that did not belong to the debtor");*In re Everchanged, Inc.*, 230 B.R. 891, 893-894 (Bankr.S.D. Ga.1999)(holding that where the debtor was not the owner of record, but merely held an option to purchase the property and was liable on the mortgage, the debtor's automatic stay was inapplicable); *In re Irwin*, 457 B.R. 413, 418 (Bankr.E.D. Pa. 2011)(noting that the "black letter bankruptcy principle that §362(a) does not create a general, automatic stay of a creditor's right to assert claims against non-debtor parties who are related to the debtor in some fashion"). Based upon the above authorities, and given that the Real Property is not owned by Debtor or identified as property or an asset of this chapter 7 estate, WBL submits that the automatic stay is inapplicable to the subject Real Property, and WBL's efforts to foreclose can continue. To the extent applicable, cause exists for same to be lifted.

WHEREFORE, for all the reasons set forth herein, creditor WBL SPO 1, LLC requests that this Court enter an Order lifting, terminating, modifying, dissolving and annulling

the automatic stay imposed by 11 U.S.C. §362 of the Bankruptcy Code, or, alternatively, determining that the 11 U.S.C. §362 stay is inapplicable to the subject Real Property, so that WBL may proceed to effectuate its state court remedies with respect to the Real Property, as well as all rents, products, proceeds, income generated by or derived therefrom, and as provided by Ohio law. WBL further requests that any Order granted by the Court in response to the herein Motion waive the fourteen (14) day stay described by Fed. R.Bankr.P. 4001(a)(3). WBL additionally requests that this Court grant it any such other relief, at law and in equity, to which this Court deems it entitled.

Dated: March 2, 2018

                Respectfully submitted,

                By:*/s/ Jeremy R. Mason, Esq.*
                Jeremy R. Mason (0072389)
                Paul M. Budnick (0091024)
                MASON, SCHILLING & MASON CO., L.P.A.
                P.O. Box 498367
                5181 Natorp Drive, Suite 202
                Cincinnati, Ohio 45249
                Telephone (513) 489-0829, Ext.226
                Facsimile (513) 489-0834
                jeremy@mason-law.com
                *Attorneys for creditor WBL SPO 1, LLC*

## **NOTICE OF MOTION**

Creditor WBL SPO 1, LLC, has filed papers with the Court seeking relief from the automatic stay (to the extent applicable) with respect to certain Real Property located at 885 Sternberger Road, Jackson, Ohio 45640, as well as all rents, profits and income derived therefrom.

**YOUR RIGHTS MAY BE AFFECTED.** You should read these papers carefully and discuss them with your attorney, if you have one in this Bankruptcy Case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief sought in the motion, then on or before **twenty-one (21) days from the date set forth below and in the certificate of service for the Motion**, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to the Clerk, United States Bankruptcy Court, Southern District of Ohio at Columbus, 170 North High Street, Columbus, Ohio 43215, or your attorney must file a response using the court's ECF System.

If you mail your response to the Court for filing, the Court must **receive** your response on or before the above due date stated above.

You must also send a copy of your response either by: (1) the court's ECF System, or by (2) Regular U.S. Mail to:

Jeremy R. Mason, Esq.
Mason, Schilling & Mason Co., LPA
5181 Natorp Boulevard, Suite 202
P.O. Box 498367
Cincinnati, Ohio 45249
*Attorneys for Creditor World Business Lenders, LLC*

Amy L. Bostic, Esq.
1160 Dublin Road
Suite 400
Columbus, OH 43215
*Chapter 7 Trustee*

Asst. US Trustee (Col)
Office of the US Trustee
170 N. High St.
Suite 200
Columbus, OH 43215

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion, and may enter an order granting that relief without further hearing or notice**.

Dated: March 2, 2018

Respectfully submitted,

By:*/s/ Jeremy R. Mason, Esq.*
Jeremy R. Mason (0072389)
Joseph M. Ruwe (0070141)
Paul M. Budnick (0091024)
MASON, SCHILLING & MASON CO., L.P.A.
P.O. Box 498367
5181 Natorp Drive, Suite 202
Cincinnati, Ohio 45249
Telephone (513) 489-0829, Ext.226
Facsimile (513) 489-0834
jeremy@mason-law.com
*Attorneys for World Business Lenders, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 2, 2018 a copy of the foregoing Motion was served on the following registered ECF participants, **electronically**, through the Court's ECF System at the email address registered with the Court:

Asst. U.S. Trustee (Columbus)
John W. Kennedy, Esq. Attorney for Debtor
Amy L. Bostic, chapter 7 Trustee
Kenneth M. Richards, Esq., Attorney for chapter 7 Trustee
Leon Friedberg, Esq., Attorney for Great Southland Limited
Thomas R. Allen, Esq., Attorney for Jenvic Holdings, LLC
Erin L. Gapinski, Esq., Attorney for Jenvic Holdings, LLC

and on the following by Regular U.S. Mail addressed to:

| | |
|---|---|
| Landash Corporation, Debtor<br>885 Sternberger Rd.<br>Jackson, OH 45640 | Rebekah Holding LLC<br>c/o The Company Corporation, Agt.<br>2711 Centerville Rd., Suite 400<br>Wilmington, DE 19808 |
| 885 Sternberger Road LLC<br>Attn: Joseph Fulda<br>148 Beach Ninth Street, Suite 2D<br>Far Rockaway, NY 11691 | Rebekah Holding LLC<br>885 Sternberger Rd.<br>Jackson, OH 45640 |
| State of Ohio, Dept. of Taxation<br>Attn: Bankruptcy Division<br>30 E. Broad St., 21st Floor<br>Columbus, OH 43215 | Investments Holding Inc.<br>c/o Joseph Fulda<br>148 Beach Ninth Street, Suite 2D<br>Far Rockaway, NY 11691 |
| Jackson County, Ohio Treasurer<br>P.O. Box 980<br>Jackson, OH 45640-0980 | |
| David M. Whittaker, Esq.<br>Attorney for Jason E. Adkins<br>Isaac Wiles<br>Two Miranova Place<br>Suite 700<br>Columbus, OH 43215 | |

                                              /s/ *Jeremy R. Mason, Esq.*